## Morrison & Company *v.* Frank S. Baker, Appellant.

*Premature execution—Acquiescence therein—Practice, C. P.*

Where an execution was issued one day too soon on a judgment note, the irregularity can be waived either by actual agreement or acquiescence. The court will not set aside such execution, where no objection was made for thirty days, in aid of a subsequent judgment creditor who also claimed part of the goods levied upon under the first execution.

Argued February 16, 1890. Appeal, No. 21, Feb. T., 1899, by defendant, from order of C. P. McKean Co., Dec. T., 1898, No. 163, dismissing petition to have execution set aside. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEEBER, J.

Petition and affidavit to have execution set aside. Before MORRISON, J.

The facts sufficiently appear in the opinion of the court.

The court below discharged the defendant's petition. Defendant appealed.

*Error assigned* was discharging defendant's petition.

*J. W. Bouton*, with him *F. D. Gallup*, for appellant.—It is a well-known principle of law that silence cannot operate as an estoppel unless the other party has been misled thereby: Sensinger v. Boyer, 153 Pa. 628.

Silence is equivalent to acquiescence only when there is a duty to speak: Koch's Est., 148 Pa. 159; Huston's Est., 167 Pa. 217.

*E. R. Mayo*, with him *G. B. Mayo*, for appellee.—A principal who neglects promptly to disavow an act of his agent, who has transcended his authority, makes the act his own : Kelsey v. Bank, 69 Pa. 426 ; Bredin v. Dubarry, 14 S. & R. 27. .

Had defendant made prompt application, after notice that the writ had issued, to have it set aside because issued a day too soon, without his consent, he could have been heard by the court on November 14, or during that week ; and if the writ had been set aside for that reason by order of the court, the appellees could thereupon have had an alias to the December term, 1898, their judgment being then ripe for execution : Springer v. Brown, 9 Pa. 305.

Only the rights and interest of the defendant in the execution can be urged on this appeal, and the record shows that he has received no injury whatever. No others will be heard : Roemer v. Denig, 18 Pa. 482.

OPINION BY BEEBER, J., March 23, 1899 :

On the 4th day of November, 1898, the defendant executed and delivered to the plaintiffs his judgment note with warrant of attorney due in one day after date. In the afternoon of the following day, November 5, the plaintiffs entered judgment upon this note and issued execution of which the defendant had notice on the 8th of November. The actual levy was made on the 10th of November. All the property levied upon, except two hogs, was claimed by the defendant's, wife or by another person. On the 10th day of December, after he had confessed two judgments and authorized execution to issue against him —one in favor of his wife and the other in favor of another person as trustee—defendant filed a petition for a rule to show cause why the execution in plaintiffs' case should not be set aside on the ground that it had been issued one day too soon. The court below having discharged this rule this appeal was taken.

. It must be conceded that the execution did issue one day too soon, but this is a mere irregularity which can be waived by the defendant, either by actual agreement or by acquiescence. In this case defendant made no objection for thirty days and even then only objected after he had confessed judgments and authorized executions against himself in favor of two other persons, one of whom had already claimed part of the goods already

levied upon by the first writ as the property of defendant. It is not pretended that he himself has suffered any injury. It is simply a contest between creditors, two of whom defendant seeks to favor to the prejudice of the other. We do not think he should be aided in this effort after he has acquiesced or remained silent thirty days after the first execution was issued. He is trying to do the same thing that was tried in Roemer v. Denig, 18 Pa. 482. It is true in this latter case the defendant had executed a paper, after the lien of a second execution had attached, in which he said that the first execution, issued too soon, had been issued with his knowledge and consent, but on the same day he filed another paper in which he asked that the first execution be set aside for irregularity. It was upon such a state of facts that the Supreme Court said: " On such a sharp point of practice as the one involved in this case, any acquiescence of the defendant, after notice that the writ had issued a day too soon, would conclude him. But after his own written acknowledgment that it was issued according to the agreement, to permit him to violate that agreement would be a mockery of justice." In the case under consideration, whilst we have no formal acknowledgment of an agreement that the writ should issue one day too soon, we have an acquiescence for more than thirty days after he knew it had issued, which we think sufficient to justify the discharge of his rule to set it aside.

Judgment affirmed.