## Rhodes *v.* Barnett.

*Execution—Sheriff's sale—Act of April* 16, 1845, *sec.* 2, *P. L.* 538.

Under the Act of April 16, 1845, sec. 2, a sheriff's sale of real estate must be made on or before the return day of the writ, or within six days thereafter. The vice of unconstitutionality which applies to the 1st section of the act does not apply to the 2d section.

Argued May 22, 1900. Appeal, No. 261, Jan. T., 1899, by defendants, from order of C. P. Blair Co., March T., 1899, No. 79, overruling exceptions to sheriff's sale, in case of Emeline Rhodes and William Rhodes in their own right and to the use of Eleanor P. Landis v. Mary A. Barnett and David Barnett. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Exceptions to sheriff's sale.

From the record it appeared that the writ of execution was

issued returnable to the second Monday of March, 1899, which was March 13. At the instance of the defendants, the sale was postponed until March 17, the regular quarterly sheriff's sales being held on March 10. Defendants claimed that the sale was void inasmuch as it was not made before the return day.

BELL, P. J., filed the following opinion:

The defendants, by reason of the delay in this case, have had all the advantage of any exceptions, which touch the merits of this matter, to which they are entitled; hence it is unnecessary to discuss the exceptions alleged to be founded on questions of fact.

But it was strenuously contended by counsel for defendants, on the authority of Dale v. Medcalf, 9 Pa. 108, that the sale by the sheriff was void and that on a fi. fa. a sale must be made before the return day. In the present case the sale, at the instance of, and for the benefit of defendants, was adjourned until the Friday after the return day. It might be a sufficiently satisfactory disposition of this matter to put it on the ground of estoppel; to hold that defendants, at whose instance and for whose benefit, a sale is adjourned, cannot afterwards be heard to dispute the validity of such adjournment. But, as the question raised is of interest to the profession generally, and as Dale v. Medcalf has been relied on by other attorneys as ruling that a sale must be made before the return day, I have deemed the matter worthy of investigation.

In Cash v. Tozer, 1 W. & S. 525, in 1841, the Supreme Court decided that " a sale after the return day is void." But in 1845, the legislature saw fit to change the law by passing the Act of April 16, 1845, P. L. 538. In the first section of said act an attempt was made to validate and confirm sales which had been made prior to the passage of said act and which were void under the ruling of the Supreme Court in Cash v. Tozer, supra. All that said court did decide in Dale v. Medcalf, 9 Pa. 108 (in the year 1848) was that said first section of said act of April 16, 1845, was void. BURNSIDE, J., says: " The sale (made in 1840) being made contrary to legislative enactment, and declared by this court utterly void, can the legislature validate such a sale to the injury of another party?"

Judge BURNSIDE very properly decides said question in the negative, as it is unquestionably illegal for the legislative department to attempt, by retroactive statutes, to reverse decisions of the judicial departments of the government. This is the extent of the ruling in said case of Dale v. Medcalf, and in its syllabus, it is said, that " the act of 1845, so far as it professes to validate such sale " (that is a sale prior to the passage of the act) " is unconstitutional." But, while Judge BURNSIDE decides that the first section (the retroactive section) of said act of April 15, 1845 is unconstitutional, he nowhere in said opinion says or even intimates, that the remaining sections of said act are void or invalid. Section 2 provides " that after the first day of July next (1845) all sales of real estate by sheriffs and coroners shall be made on or before the return day of the writs respectively, or within six days thereafter." In no case is it ruled that this second section is unconstitutional. On the contrary in St. Bartholomew's Church v. Wood, 61 Pa. 104, Mr. Justice AGNEW says : " But we do not regard the sale void because it was made on the return day of the writ and not before. Cash v. Tozer, 1 W. & S. 515, decided that a sale made on fi. fa. after the return day was void, but the second section of the subsequent act of April 16, 1845, provides that all sales of real estate by sheriffs and coroners shall be made on or before the return day of the writs respectively, or within six days thereafter. Since that act the practice has been to sell on any writ, fi. fa., vend. ex. or levari facias, at any time not later than Saturday of the first week of the term." The confusion in the minds of counsel in this matter may in part be owing to the fact that in Purdon's Digest, page 844, in note, Cash v. Tozer, 1 W. & S. 518, is cited as ruling that " a sale on a fi. fa. after the return day is void," without any cross reference to paragraph 103, page 848 in same digest. Said paragraph 103 contains section 2 of said act of April 16, 1845. A somewhat similar criticism may be made as to the Digest of Pepper & Lewis. Note 5, column 1960, gives prominence to Cash v. Tozer, although there is a cross reference to St. Bartholomew's Church v. Wood, 61 Pa. 96. Why give such prominence to Cash v. Tozer when the force of its ruling has been changed or abrogated by subsequent legislation? Now, June 19, 1899, exceptions overruled.

*Error assigned* was the order of the court overruling exceptions to the sheriff's sale.

*Harry A. McFadden*, for appellants, cited Cash v. Tozer, 1 W. & S. 519, Dale v. Medcalf, 9 Pa. 108, and Kelly v. Creen, 53 Pa. 304.

*W. I. Woodcock*, with him *E. H. Faulkender*, for appellee.

PER CURIAM, May 29, 1900:
The order is affirmed upon the opinion of the court below.