Derr et al., Appellants, v. New York Joint Stock Land Bank et al.

Argued May 8, 1939. Before KEPHART, C. J., SCHAFFER, LINN, STERN and BARNES, JJ.

*Elwood Derr,* in propria persona, for appellants.

*P. W. Fetterhoff,* for appellee.

OPINION BY MR. JUSTICE STERN, June 19, 1939:

Plaintiffs executed to defendant New York Joint Stock Land Bank a judgment note in the sum of $4,000, se-

cured by a mortgage on three contiguous tracts of land of which they were the owners and in possession. They defaulted in the payment of installments of principal and the Bank entered judgment on the note and issued a writ of fieri facias returnable the first Monday of August, 1933. The sheriff levied on the lands and advertised a sale for a date prior to the return day. On July 18, 1933, Elwood Derr, one of the plaintiffs, presented to the court a petition for a stay of execution in accordance with the Act of May 18, 1933, P. L. 826, which authorized courts of common pleas to stay writs of execution against a dwelling or a farm occupied by the owner as a residence. Section 4 of that act provided: "The stay of any execution under this act shall continue the return day of the writ of execution to the first regular return day for such writs which shall occur after a sale held under such writ. In the meantime the writ shall remain in full force and effect and sale may be made thereunder without the issuance of an alias or any other writ." Derr's petition prayed for a stay which "shall continue the return day of said writ to the next regular return day for such writs, to wit, Nov. 20, 1933." The court granted the petition by an order stating that "the execution is stayed and the return day continued to Nov. 20, 1933, the writ in the meantime to remain in full force and effect, on condition that the defendant, on or before August 1st next, shall pay all the costs incident to the execution."[1] The sheriff readvertised the sale for November 16, 1933, and on that day sold the premises to the Bank as the highest bidder; on Novem-

---

[1] The judgment note given by plaintiffs to the Bank contained a provision against stay of execution, and, as it was delivered several years before the passage of the Act of 1933, the Bank might have attacked the grant of a stay on the ground that even an act prescribing a change of remedy cannot affect a preëxisting contract which made the then existing remedy a part thereof: *Beaver County Building & Loan Association v. Winowich*, 323 Pa. 483, 494, note 6.

ber 20, 1933, he made return of the sale and acknowledged and delivered the deed, which was recorded the same day. Shortly thereafter the Bank took possession, and in February, 1936, sold all but a small portion of the land to defendant Reuben E. Rhoades, who made permanent improvements. Plaintiffs, in January, 1937, began the present action in ejectment, a previous suit brought in 1936 having been nonsuited on technical grounds. The jury rendered a verdict for plaintiffs, incidentally awarding them $3,979 as mesne profits and damages, but the court entered judgment for defendants n. o. v.

The case turns upon the proper construction, in the light of section 4 of the Act of 1933, of the court's order staying the sale. The only purpose of the legislature was to extend additional time to a debtor in possession in which to pay the execution debt. We cannot agree with plaintiffs that the execution was stayed until November 20, 1933, but adopt as our conclusion the construction placed by the court below upon its own order, namely, that while the return day was continued until November 20, the writ might be executed at a reasonable time before that date; here the time fixed by the sheriff was not unreasonable. This interpretation is in harmony with section 4 of the act, which, as before stated, provided that the *return day of the writ* shall be continued to the first regular return day which shall occur *after a sale* held under such writ. Plaintiffs, notwithstanding the sale on November 16, had until November 20, which was the return day of the writ and the day on which the sheriff's deed was executed, to raise the necessary money to pay off the debt: *Collins v. London Assurance Corporation,* 165 Pa. 298, 308. They were therefore not harmed by the alleged prematurity of the sale, and the real purpose of the act was effectuated.

At common law the time for selling property under execution rested in the discretion of the sheriff; in the absence of statutory provision to the contrary the sale

could be made on or at any time before the return day,[2] subject, of course, to giving the notice and publishing the advertisement required by law, and subject also to any order of the court that might be made staying the sale. While the order of the court here was not wholly unambiguous, we do not think plaintiffs were justified in construing it to mean that the sale was to be made *upon* the return day, and that it was not only the latter but also the sale itself that was fixed for November 20, 1933. Nor, in fact, did plaintiffs apparently so regard it at the time. In the absence of any claim to the contrary it must be presumed that the sale was preceded by the notice to them and the advertising required by law, and that they were thus informed in good time as to the date when it was to take place; nevertheless they made no attempt to enjoin it or, subsequently, to set it aside. In 1934 the Bank demanded possession of the premises, and plaintiffs, without protest so far as the record discloses, allowed it to enter. It was not until more than two years after the sale that they brought action of ejectment upon the theory that the sale was void because, as they alleged, it was made before the expiration of the stay granted by the court; the present action was not begun until a year after most of the property had been sold by the Bank to Rhoades. This tardiness in the assertion of their supposed rights is significant from two standpoints; first, as already suggested, because it indicates their own contemporary interpretation of the order of the court; and second, because it raises grave doubt whether, in any event, they are in a position to succeed in the present action even if the sale was prematurely held. After acknowledgment and delivery of the sheriff's deed, not mere defects and irregularities, however gross, but only fraud in the

---

[2] The Act of April 16, 1845, P. L. 538, sec. 2, provides that all sales of real estate by sheriffs shall be made on or before the return day of the writs respectively, or within six days thereafter: see *Rhodes v. Barnett,* 196 Pa. 429.

sale, or want of authority to sell, can defeat the title of the sheriff's vendee (*Knox v. Noggle,* 328 Pa. 302), and there is authority which suggests, if it does not actually decide, that a premature sale, of which adequate notice was given, is, like a premature issuance of execution, an irregularity which renders the sale voidable but not void, which is waived, therefore, by failure to act within the proper time, and which cannot be taken advantage of by way of collateral attack in a subsequent action of ejectment or other proceeding: *Stewart v. Stocker,* 13 S. & R. 199; *Wilkinson's Appeal,* 65 Pa. 189; *Sheetz v. Wynkoop,* 74 Pa. 198, 207; *Morrison & Co. v. Baker,* 9 Pa. Superior Ct. 637.

Judgment affirmed.