North Philadelphia Trust Company *v.* Hammond et al. (Mack, Appellant).

Argued January 7, 1941. Before SCHAFFER, C. J., DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*M. Biddle Saul,* for appellant.

*Harold B. Bornemann,* with him *John K. Young,* of *Peck, Bornemann & Young,* for appellee.

PER CURIAM, January 31, 1941:

After the sheriff's deed had been acknowledged and delivered, in a foreclosure of the first mortgage, the purchaser filed a petition for possession under the Act of April 20, 1905, P. L. 239, 12 PS § 2571. Appellant, holder of the second mortgage, which was discharged if the sale was valid, was in possession and had notice, by posting, of the suit to foreclose; she made no defense. To the petition for possession, she filed an answer denying the purchaser's right; she also filed a petition to set aside the sale; in both, she alleged that the sale was invalid on the ground that the real owner was not properly brought in.

Both mortgages were executed by Cecil F. Hammond. Subject to the mortgages, he executed and delivered a deed to the "Estate of John Y. Gossler." John Y. Gossler had died some years before the attempted conveyance but title to real estate owned by him was in trustees who were made parties defendant, described as real owners; judgment was entered against them. Hammond, the mortgagor, though not described as real owner, was a party to the suit and judgment was also entered against him.

Appellant contends that as the purported conveyance to the "Estate of John Y. Gossler" was ineffective, the ownership of the property remained in Hammond, the mortgagor, and that he should have been brought in as real owner. The rule is that "After acknowledgment and delivery of the sheriff's deed, not mere defects and irregularities, however gross, but only fraud in the sale, or want of authority to sell, can defeat the title of the sheriff's vendee. . . ." *Derr et al. v. New York J. S. L. Bk.,* 335 Pa. 309, 313-4, 6 A. 2d 899. At the argument

counsel for appellant stated there was no suggestion of fraud. Although Hammond was not described as real owner, he was a defendant against whom judgment was entered. Appellant has therefore not shown any ground to set aside the sale or to retain possession.

Judgment affirmed.