Hegele et ux. *v.* Reynolds et ux., Appellants.

Argued January 6, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Robert M. McWade,* with him *Harry Alan Sherman,* for appellants.

*John S. Cort,* for appellees.

PER CURIAM, January 12, 1942:

Plaintiffs entered judgment on a mortgage bond and caused to be issued a writ of fieri facias returnable Oc-

tober 7, 1940. On September 27 defendants obtained a rule to show cause why execution should not be stayed pending hearing on a petition to open the judgment, "all proceedings and executions to be stayed in the meantime." On October 7 the sale of the mortgaged property was adjourned by the sheriff to October 11. On October 10 the court made an order adjourning the sale to December 2, without the necessity of readvertisement, upon defendants paying to plaintiffs sixty days' interest on the judgment, amounting to $31.65. The sale was held on the latter date, plaintiffs becoming the purchasers. Defendants filed exceptions to the sale; these were dismissed and the sale was confirmed in an order from which defendants now appeal.

The indefinite stay of execution made on September 27 was superseded and modified by the order of October 10, which reduced the limit of the stay to December 2; unless so intended it would have been meaningless.* Defendants' contention that the general stay of execution was still in effect at the time of the sale is without merit.

Under the Act of April 16, 1845, P. L. 538, section 2, a sheriff's sale of real estate can be made only on or before the return day of the writ or within six days thereafter (see *Rhodes v. Barnett*, 196 Pa. 429, 46 A. 438); defendants therefore might have had ground to assert that the sale was invalid, because made nearly two months after the return day of the writ on which it was had, were it not for the fact that the order of October 10, if not actually made at their instance, was at least consented to by them and their acquiescence therein manifested—as was stated at bar—by their payment of the $31.65 on which the order was conditioned.

Order affirmed.

---

* Two months after the sale the court discharged the rule granted September 27th, this action evidently being taken to clear the record.