# West Philadelphia Title and Trust Company, to use, *v.* King, Appellant.

Argued April 23, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Leo Belmont,* for appellant.

*Allen S. Olmsted, 2nd,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 25, 1942:

This appeal arises out of exceptions to a sheriff's sale which were dismissed by the court below. Defendant appeals from this action and raises several questions, none of which has merit when the situation is viewed in its entirety.

Respondent owns a fractional interest, about one-ninth, in nineteen parcels of land comprising a farm in Haverford Township, Delaware County. He complains that the property was sold as one piece and not in parcels. No testimony was offered to show that it would bring more at a resale, if it were.

It is alleged that the sale to the execution plaintiff, on his bid of one dollar, was for an inadequate price. Nothing was shown to substantiate this statement. Full opportunity was offered defendant to have an appraisal made to show what was the value of his fractional interest. He declined in open court, stating through his counsel, a willingness to have the court dispose of the matter of value without appraisal. When the financial condition of the property, and of defendant himself, are taken into account, it is plain to see why he did not avail himself of the opportunity offered. The farm as a whole

is assessed at $66,700.00. It is subject to unpaid taxes for ten years, aggregating more than $25,000.00, exclusive of penalties, and of taxes for 1942. There are numerous judgments against defendant totaling many thousands of dollars. Defendant owns only a small fractional interest in the property, about eleven per cent. The judgment against him on which the sale was made amounts to $20,278.42. Plaintiff has remitted $10,000.00 of its judgment, which amount is substantially in excess of anything collectible out of the sale of the premises. This the court took into account in its decree confirming the sale. The court gave appellant the opportunity to have a resale, upon condition that he file a bond within five days for $500.00, conditioned for the payment of the expense of advertising and other costs, in the event that there should not be a bid of at least $4,600.00. This figure represents the value of defendant's fractional interest based on the assessment.

So far as criticism of the time of sale being after the return day of the writ, it is sufficient to say that the continuance was to enable proceedings to be concluded under the deficiency judgment act. The fi. fa. was returnable July 28, 1941. The sale was advertised for August 1, 1941. On July 16th, the Governor signed the deficiency judgment act, and in order that its terms might be complied with, the court below signed an order extending the return day of the writ until August 25th, and continuing the sale until August 29th. A sheriff's sale on the fi. fa. may be six days after the return day of the writ: Act of April 16, 1845, P. L. 538, Sec. 2, 12 PS Sec. 2442; *Rhodes v. Barnett,* 196 Pa. 429, 46 A. 438.

Decree affirmed at appellant's cost.