Mengel *v.* New Tripoli National Bank, Appellant.

Argued November 13, 1944.  Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Wilson A. Wert,* with him *Snyder, Wert & Wilcox,*. *Edward D. Trexler* and *Trexler & Trexler,* for appellant.

*George B. Balmer,* with him *John G. Rothermel* and *Zieber & Snyder,* for appellees.

OPINION BY RENO, J., January 25, 1945:

The principal question raised by this appeal relates to the validity of a sheriff's sale of real estate on a fieri facias, where the sale was continued by an order of the court to a day more than six days beyond the original return day of the writ and the return day was not expressly extended by the order.

Edgar D. Greenawalt owned three parcels of land which were encumbered by the lien of a judgment in favor of Jonathan Weisner and a later judgment in favor of The New Tripoli National Bank. On March 5, 1940, the bank issued a fieri facias returnable April 8, 1940. The sheriff, acting under the writ, levied on Greenawalt's land and duly advertised a sale to be held on April 12 following. In the meanwhile, Greenawalt had been adjudicated a voluntary bankrupt, and on April 12, 1940, upon petition of his trustee in bankruptcy, the court ordered the sale on the bank's writ continued until May 17, 1940, but the order did not specifically extend the return day of the writ. On April 12, 1940, the sheriff announced that the sale had been stayed, but did not declare a specific date to which it had been adjourned, and on May 17, 1940, without further advertisement, he sold the lands to the bank and later delivered a deed which was recorded on May 28, 1940. After Greenawalt's trustee in bankruptcy

disclaimed any interest in the real estate, Greenawalt, on June 20, 1942, executed a deed for the three tracts to Jeremiah Mengel. Mengel then instituted this action of ejectment against the bank, and the parties, after stipulating the recited facts, prayed the court to enter judgment for plaintiff if it was of the opinion that the sheriff's sale of May 17, 1940, was ineffective to pass the title of Greenawalt or his trustee in bankruptcy and to divest the lien of Weisner, otherwise to enter judgment for defendant. Weisner obtained leave to intervene under the Rules of Civil Procedure, and the court below entered judgment for plaintiff from which the bank has appealed.

Appellant complains preliminarily that Weisner was allowed to intervene. Pa. R. C. P. 2327 (4) provides that a person not a party to an action shall be permitted to intervene if "the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action." The lien of Weisner's judgment was a "legally enforceable interest" within the contemplation of this rule, and its monetary value, although not its legal vitality, would unquestionably have been "affected" by the outcome of the ejectment between Mengel and the bank. Goodrich-Amram §2327-7. The ejectment action drew into dispute the validity of the sheriff's sale, and any adjudication on that question, while not res judicata as to Weisner, as he was not a party to the record, would have determined to a great extent the realizable value of his judgment lien if process were subsequently to be issued thereon. Furthermore, the stipulation filed by the original parties to the action prayed that the court determine whether Weisner's lien had been divested, and made the granting of judgment depend in part upon the conclusion reached by the court upon that question. While Weisner could

not have been concluded by any such ex parte examination of his rights, the original parties to the record cannot complain that Weisner took them at their word and joined in the litigation of the status of his lien.

The main point of contention revolves about the Act of April 16, 1845, P. L. 538, §2, 12 PS §2442, which provides: "All sales of real estate by sheriffs and coroners, shall be made on or before the return day of the writs respectively, or within six days thereafter." The power of a sheriff to sell real estate belonging to a judgment debtor is conferred upon him by statute, and in order that the sale be valid the officer must be armed with an active writ. A sale made after the statutory life of the writ has expired passes no interest of the debtor, for the authority of the sheriff lapses with the passage of the six days next following the return day of the writ and any attempted exercise of his power thereafter is futile. *Cash v. Tozer*, 1 W. & S. 519; *Dale v. Medcalf*, 9 Pa. 108; *Rhodes v. Barnett*, 196 Pa. 429, 46 A. 438.

These observations do not dispose of the present appeal, however, for the question persists whether April 8, 1940, always remained the return day of the fieri facias issued on appellant's judgment. The authority of the court below to continue the sale to May 17, 1940, at the instance of Greenawalt's trustee in bankruptcy has never been questioned, and the power of the courts of common pleas to extend the return day of a writ of execution in an order postponing a sale was recognized by the Supreme Court in *West Phila. T. & T. Co. v. King*, 344 Pa. 604, 26 A. 2d 428. We think that the order continuing the sale automatically and by necessary implication advanced the return day of the writ so as to prolong its life long enough to allow the sale to be made on it on the date fixed by the court. The sale was not indefinitely stayed by the court's order; it was postponed to a day certain. Unless the order of

continuance had the effect of advancing the return day of the writ, the order would be an anomaly, for the sheriff would be commanded to make a sale on a day when his authority to sell had terminated. Since the court had inherent power to order the sale to be held on a future day and to modify the writ commensurately, its order must be taken to be a full exercise of all its powers in that respect, or else the order is impotent on its face. The court cannot be presumed to have done a vain thing when it was acting within its authority and had power to impart vitality to its acts.

The fact that the sale was not readvertised for May 17, 1940, is not an objection. The sale was adjourned by the sheriff from the day for which the advertisements had been duly made, and therefore readvertisement was not essential. *Hollister v. Vanderlin,* 165 Pa. 248, 30 A. 1002. Weisner, as a judgment creditor, having knowledge that the original sale was stayed, was bound to consult the records of the court and thereby inform himself of the contents of the order and the date to which the sale had been adjourned.

Judgment reversed and here entered for defendant.