## Avco Financial Services Consumer Discount Company One v. Hummel

*Norman M. Yoffee,* for plaintiff.
*Terry J. Williams,* and *Miller, Kistler, Campbell, Mitinger & Beik,* for exceptants.

CAMPBELL, *P.J.,* December 21, 1977 — The purchasers of real estate at a sheriff's sale have filed exceptions to an order of this court directing the sheriff to amend his schedule of distribution and, in addition thereto, requesting this court to set aside the sale for sundry reasons.

A brief factual statement is as follows: defendants were the owners of a property mortgaged to the Peoples National Bank of State College on November 12, 1971, in the amount of $12,500. Thereafter on June 7, 1976, they placed a second mortgage on the property in the amount of $7,200, the mortgagee being Avco Financial Services Consumer Discount Company One. The second mortgagee reduced the obligation to judgment, issued execution thereon and sold the property on August 30, 1977, to Elmer L. and Beatrice Stiver, the present exceptants, for the price of $14,250. The Stivers were unrepresented at the sale and neither the sheriff nor the execution creditor made any announcement at the time of the sale to advise prospective purchasers as to the state of the title or that the first mortgage of the Peoples National Bank would not be discharged.

The sheriff executed and recorded his sheriff's deed on September 29, 1977. Because of a misapplication of the proceeds on October 20, 1977, we directed the sheriff to amend his schedule of distribution to pay all of the costs and plaintiff's debt with interest to date of sale and to apply the residue to the first mortgage of the Peoples National Bank which was not discharged by the sale. We did this to protect the purchaser at the sheriff's sale. Exceptants who purchased the property and paid their bid of $14,250, now find themselves the owner of the property encumbered by the residue of the first mortgage. In order to grant a due process hearing to all parties concerned we gave each interested party a period of 30 days in which to file exceptions.

## DISCUSSION

The first mortgage of the Peoples National Bank of State College was not discharged by the sale and we can find no fraud or lack of authority to make the sale.

"There is no duty on the part of the judgment creditor, or the sheriff, to proclaim the exact state of the title at an execution sale of land on a judgment, or to advise prospective bidders of what they might or might not purchase." Taylor v. Bailey, 323 Pa. 278, 185 Atl. 699 (1936), syllabus par. 3.

"The rule of caveat emptor applies with full force at [a sheriff's] sale." 15 P.L.E. §145, 354.

Exceptants further contend that there is a publication defect which would make the sheriff's sale a nullity and justify its being set aside. Pa.R.C.P. 3129(b)(4) provides that the notice of the sheriff's sale "shall be given by publication by the sheriff once a week for three (3) successive weeks in a

newspaper of general circulation in the county and in the legal publication, if any, designated by rule of court for publication of notices, the first publication to be made not less than twenty-one (21) days before the date of sale." The notice which appeared in a newspaper of general circulation fully meets this requirement. However, the first advertisement appearing in the Centre County Legal Journal appeared 20 days before the sale. We do not believe this defect justifies setting aside the sale for the following reasons: (1) Centre County has no rule of court designating publication in the legal journal although it is customary to so publish the same; (2) The rule of court does not indicate that the initial publication shall appear 21 days before the date of sale in both publications; (3) Exceptants have no standing to raise this objection; (4) Exceptants' application was not timely made.

Pa.R.C.P. 3132 provides that a petition to set aside a sheriff's sale must be filed prior to the delivery of deed. Pa.R.C.P. 3135 requires the sheriff to execute, acknowledge and deliver a deed within ten days of filing the schedule of distribution unless exceptions are filed. The deed was delivered for recordation on September 29, 1977, and exceptants' request to set aside the sale was not made until November 17, 1977. The only attacks possible on a sheriff's sale after delivery of the sheriff's deed to the purchaser are those based on fraud which vitiates the transaction, or on lack of authority to make the sale: Garrison v. Erb, 424 Pa. 306, 224 A. 2d 848 (1967). After acknowledgment and delivery of the sheriff's deed, no mere defects and irregularities, however gross, but only fraud in the sale or want of authority to sell can defeat the title of the sheriff's vendee: Derr v. New York Joint Stock

Land Bank, 335 Pa. 309, 6 A. 2d 899 (1939).
Having so held, we make the following

## ORDER

And now, December 21, 1977, exceptions of Elmer L. and Beatrice Stiver, purchasers at the sheriff's sale, are dismissed and the sheriff is directed to make distribution in accordance with the order of this court dated October 20, 1977, paying the entire residue to the Peoples National Bank of Central Pennsylvania on account of its first mortgage.