J-S19016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIZENS BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLORIA A. GUTIERREZ, | : | |
| | : | |
| Appellant. | : | No. 1100 EDA 2018 |

Appeal from the Order Dated, April 13, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  130401613.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 25, 2019**

Gloria A. Gutierrez appeals from the order denying her motion to set aside the sheriff's sale of her property based upon allegations of fraud.  Upon review, we affirm.

In 2005, Gutierrez executed a promissory note with Citizens Bank of Pennsylvania in the amount of $150,500.00.  The promissory note was secured by a mortgage on the property located at 1010-12 Ashburner Street, Philadelphia, Pennsylvania.

In September 2012, Gutierrez defaulted on the promissory note and mortgage.  Citizens Bank filed a complaint in mortgage foreclosure against her.

In 2015, upon Citizens Bank's motion and Gutierrez's failure to file a response, the trial court granted summary judgment in favor of Citizens Bank,

_____
*   Retired Senior Judge assigned to the Superior Court.

and entered an *in rem* judgment against the property in mortgage foreclosure. Gutierrez did not appeal.

In April 2016, Gutierrez endeavored to satisfy the judgment. Gutierrez gave a note to Citizens Bank from WeRe Bank promising to pay $185,598.06 to Citizens Bank. Shortly thereafter, on May 23, 2016, Citizens Bank advised Gutierrez that the note was not honored by WeRe Bank, and that she needed an alternative payment method; Gutierrez made no other payment. Subsequently, on June 2, 2016, Citizens Bank informed Gutierrez that the loan had been paid off.[1] The judgment, however, was not marked satisfied on the docket. In fact, no payment had actually been made.

In 2017, upon Citizens Bank's praecipe, a writ for sale of the property was issued. Notice of the sale was served upon Gutierrez. After several postponements, the property was ultimately scheduled for sale on March 6, 2018.

The day before the sheriff's sale was to take place, Gutierrez presented a motion to continue the sale; a hearing was scheduled for the morning of sale. Gutierrez also filed a motion to set aside/request to vacate the

_____

[1] We note that neither the trial court nor counsel for Citizens Bank addressed why Citizens Bank sent this letter to Gutierrez. However, after this letter was sent, counsel for Citizens Bank, by correspondence dated June 6, 2016, addressed the validity of the payment Gutierrez sent, thereby evidently negating this letter, as Citizens Bank continued to move forward with the sale process. Although this letter may have created confusion, the fact remains, as discussed below, that the loan was not paid off.

judgment. Her motion to continue was denied for lack of prosecution; no decision was rendered on her motion to vacate/set aside the judgment.

On March 6, 2018, the Philadelphia Sheriff's Office sold the property. Shortly thereafter, Gutierrez petitioned the trial court to set aside the sheriff's sale for fraud. The trial court denied her motion.[2] Gutierrez timely appealed.

On appeal, Gutierrez raises ten issues. We observe, however, that the essence of her appeal is whether the trial court abused its discretion in denying her motion to set aside the sheriff's sale on the basis of fraud.[3]

_____

[2] As is evident from the record, this case has been ongoing for many years. Gutierrez has taken every opportunity to avoid the sale of her property due to her failure to pay her mortgage. We further note that, over the course of this litigation, the trial court gave Guiterrez multiple opportunities to make her case through her many motions and requests.

[3] Initially, we note that Gutierrez, who is, albeit, *pro se* in this matter, has failed to conform to several rules governing appeals to this Court. First, Gutierrez did not concisely set forth her statement of questions involved contrary to Pa.R.A.P. 2116. Instead, Gutierrez rambles at length to the point that this Court cannot understand what she is asking us to address.

Additionally, Gutierrez has not complied with the briefing requirements under Pa.R.A.P. 2119. Gutierrez failed to set forth a meaningful and developed argument or analysis in her brief. **Commonwealth v. Kane**, 10 A.3d 327, 331-32 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011). Additionally, she did not provide citation to applicable law. Finally, her argument is not divided into parts. For these reasons, we could dismiss Gutierrez's appeal pursuant to Pa.R.A.P. 2101. However, we decline to do so.

We also note that in issue number two, Gutierrez references an order from January 2018 rendering her motion to stay moot. She also makes arguments regarding the summary judgment order in her brief. However, because she did not appeal from these orders, any matters pertaining thereto are waived.

Finally, we note that Gutierrez attempted to hire counsel to assist with this appeal after Citizens Bank had filed its brief. As a courtesy, we granted

Gutierrez first argues that she made payment in full to satisfy the judgment prior to the sheriff's sale, rendering the need for the sale moot.[4] Despite this, Citizens Bank refused to accept her payment and proceeded to execute upon her property at a sheriff's sale. By doing so, she claims Citizens Bank committed fraud. *See* Gutierrez's Brief at 7.

Gutierrez further argues that Citizens Bank mishandled her payment and made misrepresentations to the trial court regarding the validity of her payment. Thus, she alleges Citizens Bank committed fraud, and, the trial court erred in failing to set aside the sheriff's sale of her property. *Id.* at 7-8. We disagree.

"A petition to set aside a sheriff's sale is grounded in equitable principles[.]" *GMAC Mortg. Corp. of Pa. v. Buchanan*, 929 A.2d 1164, 1167 (Pa. Super. 2007). The burden of establishing grounds for relief rests with the petitioner. *Id.*

_____

counsel's request for additional time to file an amended brief on behalf of Gutierrez and gave counsel thirty days to do so. Counsel, instead, requested more time, which we denied. To date, counsel has not filed an amended brief. Thus, our decision is based on Gutierrez's *pro se* brief.

[4] Gutierrez argues that she raised this issue in her motion to vacate the judgment, but the trial court failed to address the matter prior to the sale. Although this is true, Gutierrez filed it the day before the sale. Simultaneously therewith, she filed a motion to continue the sale. However, she failed to appear for the hearing scheduled the morning of the sale. Because she did not appear, the court had no basis to continue the sale. The trial court ultimately denied the motion, notwithstanding that Gutierrez had already filed this appeal. Regardless, Gutierrez raises the same claims involving a payoff prior to the sale which we will address in this appeal.

- 4 -

"The decision to set aside a sheriff's sale is within the sound discretion of the trial court, and we shall not reverse its decision on appeal absent a clear abuse of discretion." **Merrill Lynch Mortg. Capital v. Steele**, 859 A.2d 788, 791 (Pa. Super. 2004). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or [the judgment is] the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." **National Penn Bank v. Shaffer**, 672 A.2d 326, 328 (Pa. Super. 1996) (citation omitted).

Generally, a court may only grant such a petition "when [it] is filed before the sheriff's delivery of the deed." **Mortgage Elec. Registration Sys., Inc. v. Ralich**, 982 A.2d 77, 79 (Pa. Super. 2009) (citations omitted), *appeal denied*, 992 A.2d 889 (Pa. 2010); Pa.R.C.P. 3132. Prior to the deed, a trial court may, upon the petition of any interested party, set aside a sheriff's sale for proper cause. Pa.R.C.P. 3132. After a sheriff's deed has been delivered, however, a trial court may set aside a sheriff's sale only if the sale was based on fraud or the sheriff lacked the authority to make the sale. **Ralich**, 982 A.2d at 80.

As the trial court observed, the record does not indicate whether the sheriff's deed was delivered before or after Gutierrez petitioned the trial court to set aside the sale.[5] Regardless, although she references in her motion the

---

[5] In its brief, Citizens Bank indicates that the deed was recorded on April 18, 2018, which was after Gutierrez filed her petition.

need to set aside the sale for just cause, Gutierrez argues that the basis for setting aside the sheriff's sale was fraud. Therefore, this Court may properly consider this matter. Nonetheless, we conclude that Gutierrez's claims of fraud lack merit.

To set aside a sheriffs' sale for fraud, a petition must aver that representations made by the alleged defrauder were false and that fraud was intended or achieved. **Marine Bank v. Huhta**, 420 A.2d 1066, 1070 (Pa. Super. 1980). Allegations that a sheriff's sale was based on fraud must be set forth with particularity. **Ralich**, 982 A.2d at 80. Vague allegations of fraud, alone, are insufficient to justify setting aside a sheriff's sale. **Id.**

Gutierrez did not set forth her allegations of fraud with the requisite particularity. Beyond general allegations, she does not state which representations Citizens Bank made that form the basis of her claim or what it falsely represented to her or the court. Her claims lack the requisite detail of who said what to whom and when.

Moreover, the trial court concluded, there was no allegation that the fraud was intended or achieved in this matter. Trial Court Opinion, 8/23/18, at 4. Gutierrez did not allege that any of the information given to her by Citizens Bank was in fact false, or fraudulent, or that any fraud was intended or achieved by its conduct. In concluding that there was no allegation that fraud was intended or achieved, the trial court explained:

> In this case, [Gutierrez] contends that she tried to pay Citizens Bank but the bank refused to "[t]ender . . . 'full payment.'" She contends that her efforts to pay Citizens Bank satisfied the

judgment in full before the sheriff's sale. [Gutierrez], however, attempted to pay citizens Bank and satisfy the mortgage foreclosure judgment with a purported bank note [from WeRe Bank] that merely constituted a 'promise to pay'. Citizens Bank refused to accept the bank note and informed [Gutierrez] that it was unable to process her payment . . . . The mortgage judgment was not satisfied and Citizens Bank was entitled to proceed with execution of the mortgage foreclosure judgment.

*Id.* at 4-5. For these reasons, contrary to Gutierrez's argument, the need for the sale was not moot, and Citizens Bank did not act fraudulently when it executed on its judgment through the sheriff's sale.[6]

Likewise, Gutierrez's claim that Citizens Bank made misrepresentations to the trial court regarding the validity of her payment warrants no relief. Again, as the trial court noted, Gutierrez made no payment, only a promise to pay which Citizens Bank refused.

We, therefore, conclude that the trial court did not abuse its discretion in refusing to grant Gutierrez's petition to set aside the sheriff's sale on the basis of fraud.

Order affirmed.

_____

[6] We note that correspondence from WeRe Bank which Guitterrez relied upon in support of her position appears spurious itself. It is signed by "Peter of England" and claims that "WeRe Bank does NOT need to be regulated 'What's good for the goose is good for the gander as they say!'" As noted, Citizens Bank did not accept this questionable promise to pay as satisfaction of the judgment.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/19