603 A.2d 205

**In re NEW 12TH WARD REPUBLICAN CLUB.**

**Appeal of NEW 12TH WARD REPUBLICAN CLUB.**

Superior Court of Pennsylvania.

Submitted Oct. 28, 1991.

Filed Feb. 11, 1992.

Robert P. Vincler, Pittsburgh, for appellant.

Dan Fitzsimmons, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County dated April 18, 1991, denying appellant's petition for return of property. Since we find no merit to appellant's argument, we affirm the order of the trial court. A discussion of the case follows.

The Pennsylvania State Police were involved in an investigation of appellant, New 12th Ward Republican Club, for selling alcoholic beverages at hours prohibited by the liquor

code. 47 P.S. Section 4–493(16). Specifically, appellant was being investigated for serving alcoholic beverages between the hours of 3:00 a.m. and 7:00 a.m. in violation of 47 P.S. Section 4–406. On February 9, 1991, pursuant to the State Police investigation, a search warrant was executed at the premises operated by appellant and various alcoholic beverages and equipment were seized. The equipment seized included various pieces of furniture, several cash registers, a surveillance camera and monitor, and an intercom speaker.

Appellant filed a petition for return of the equipment seized on March 28, 1991. After an evidentiary hearing the trial court entered an order denying the petition on April 18, 1991. From this order appellant filed this timely appeal. The Commonwealth subsequently filed a petition for forfeiture of the property seized. It appears from the record that this petition has not been decided.

■ Initially, we will discuss the appealability of the order in question. The order appealed from deals only with the denial of appellant's petition for return of property pursuant to Pa.R.Crim.P. 324.

> ... [A] final appealable order is one which ends the litigation or disposes of the entire case. An order will also be treated as final if the practical consequence is, in effect, to put an appellant out of court, or if it precludes an appellant from presenting the merits of the claim to the lower court.

*Grossman v. Commissioner of Police*, 318 Pa.Super. 584, 588, 465 A.2d 1007, 1010 (1983) (citations omitted). In this case the order denying appellant's petition for return of property is final. While there may be further litigation surrounding the Commonwealth's petition for forfeiture,[1] it is quite clear that appellant now has no right to return of the property. The lower court has effectively decided that

---

1. This Court is uncertain as to why the Commonwealth did not bring a petition for forfeiture earlier in this matter so that it might be disposed at the same time as the petition for return of property.

appellant has no rights in the property, and, therefore, the litigation is final as to appellant.

■ An additional procedural matter before the Court is the Commonwealth's motion to transfer this appeal to Commonwealth Court. It is denied. The Commonwealth has argued in its motion to transfer that this is a matter interpreting the liquor code and should, therefore, be decided by Commonwealth Court. The Commonwealth is mistaken. This matter is simply an appeal of a trial court order denying a petition for return of property under Pa. R.Crim.P. 324. Although the underlying offense supporting the search warrant involved the liquor code, our decision here does not. Having disposed of these procedural matters, we will address the merits of this appeal.

■ Appellant's only argument on appeal is whether the lower court abused its discretion in denying the petition for return of property. Appellant's entire argument is that the trial court abused its discretion by reaching a decision which is against the weight of the evidence. Appellant argues that the trial court ignored the fact that appellant had leased the equipment in question from one Ms. Adams, and, therefore, the items should be returned to appellant. We do not entirely understand appellant's argument. If Ms. Adams leased the property to appellant without knowledge of appellant's illegal activities, then Ms. Adams should be requesting the return of her property. We do not see how appellant has standing to make an argument that the leased property should be returned to Ms. Adams. Further, in making such an argument, appellant admits that it was using the property illegally. Clearly the property should not be returned to appellant. Regardless of this standing issue, we find no merit to appellant's argument that the trial court's decision is against the weight of the evidence.

■ The decision to grant a new trial based on a challenge to the weight of the evidence is within the sound discretion of the trial court. *Thompson v. City of Philadelphia*, 507 Pa. 592, 598, 493 A.2d 669, 672 (1985); *Common-*

*wealth v. Murray*, 408 Pa.Super. 435, 597 A.2d 111 (1991). It is well established that where a jury's verdict is so contrary to the evidence as to shock one's sense of justice, then an award of new trial on the basis that the verdict is against the weight of the evidence is appropriate. *Commonwealth v. Whitney*, 511 Pa. 232, 512 A.2d 1152, 1155–1156, (1986); *Murray*, 408 Pa.Super. at 439, 597 A.2d at 113. The trial court, however, does not have unfettered discretion in its decision to grant a new trial based on a challenge to the weight of the evidence. An appellate court may review this decision to determine if there has been an abuse of discretion, but may not substitute its judgment for that of the lower court.[2] *Thompson*, 507 Pa. at 599, 493 A.2d at 673; *Murray*, 408 Pa.Superior Ct. at 440, 597 A.2d at 114.

 With this as our standard of review, we have reviewed the evidence presented to the lower court and find that the decision of the lower court was not against the weight of the evidence. It was within the province of the trier of fact to reject appellant's claim that the property in question was leased from an innocent third party. The evidence presented indicated that Ms. Adams was the wife of the club's maitre'd. The trial court's opinion makes it clear the court rejected appellant's contentions below that the equipment seized was the subject of an equipment lease. Decisions regarding the credibility of testimony are within the province of the trier of fact and will not be disturbed upon a cold review of the record. We find no abuse of discretion in the trial court's decision, and, therefore, we will not disturb the decision of the trial court.

Since we find no merit to appellant's argument, the decision of the trial court is affirmed.

2. In *Commonwealth v. Murray*, 408 Pa.Super. 435, 597 A.2d 111 (1991), this Court affirmed its right and duty to review a trial court's refusal to grant a new trial on the basis that the verdict is against the weight of the evidence. *Contra Commonwealth v. Murray*, (Olszewski, J., dissenting) (appellate review of weight of the evidence challenges is at variance with the fact-finding province of the jury and not properly the subject of appellate review).

Motion to transfer to Commonwealth Court denied. Order affirmed.