684 A.2d 630

**Gildas A. KAIB, Jr., Appellee,**

v.

**Daniel R. SMITH, Appellant.**

**Gildas A. KAIB, Jr., Appellee,**

v.

**Robert BERTGES, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1996.

Filed Oct. 23, 1996.

Stuart M. Levine, Pittsburgh, for appellants.

Michael K. McGreal, Pittsburgh, for appellee.

Before CIRILLO, President Judge Emeritus, and TAMILIA and HESTER, JJ.

CIRILLO, President Judge Emeritus:

These consolidated appeals are from an order and judgment of the Court of Common Pleas of Allegheny County. We affirm.

Appellant Daniel R. Smith owned two adjacent residential dwellings located at 303 Republic Street and 300 Seward Street in Allegheny County. Smith resided at 303 Republic Street, and granted to appellant Robert Bertges a year-to-year lease of the property located at 300 Seward Street. The lease contained an option to purchase. Neither the lease nor the option were recorded in the Allegheny County Recorder of Deeds Office.[1]

In November of 1992, PNC Bank instituted foreclosure proceedings on both properties. In 1993, Smith filed for bankruptcy. At the termination of the bankruptcy proceedings, PNC Bank reinstituted the foreclosure proceedings. The proceedings culminated in a sheriff's sale of the properties.

On February 6, 1995, plaintiff/appellee, Gildas A. Kaib, Jr., purchased both properties at the sheriff's sale. Thereafter, on February 27, 1995, Kaib issued an eviction notice to 303 Republic Street, by regular and certified mail. Kaib attempted service on Smith only as record owner of both properties. Additionally, Kaib posted eviction notices on both properties.

On March 8, 1995, the property deed was recorded in Kaib's name. At that time, additional notices to appellants were issued and delivered by regular and certified mail. Kaib, having by that time become aware of Bertges' tenancy, also hand delivered these notices to both Smith and Bertges. On

---

1. A lease may be recorded in the local recorder of deeds office, but it is not required that it be recorded. Recording constitutes constructive notice to subsequent purchasers, mortgagees and judgment creditors of the lessor of the making of the lease and its provisions, including any purchase provisions. *See* 21 P.S. § 407. We note that the lease between Smith and Bertges included a handwritten option to purchase.

March 20, 1995, appellants filed their petition to set aside the sheriff's sale.

On April 5, 1995, a hearing was held before a district justice. Neither Smith nor Bertges appeared. A judgment for possession was entered in favor of Kaib.

Smith and Bertges filed separate appeals to the Arbitration Division of the Court of Common Pleas of Allegheny County. The Board of Arbitrators found in favor of Kaib in both appeals. Smith and Bertges filed appeals to the court of common pleas for de novo trials; the cases were consolidated for trial. Following a bench trial, the court entered a verdict in favor of Kaib and against Bertges for possession plus $1,600.00, and in favor of Kaib and against Smith for possession plus $1,600.00. Post-trial motions were filed and denied. On appeal, Smith and Bertges raise the following issues:

1. Whether the trial court erred in refusing to set aside a sheriff sale in an ejectment proceeding of a tenant with an option to purchase the property who did not receive notice of the sheriff sale until after the sheriff sale purchaser received his sheriff's deed?

2. Whether the trial court erred in evicting a tenant when the plaintiff commenced the eviction proceeding without providing the tenant with a thirty day notice to quit?

Appellants argue that the court erred in denying their requests for relief in light of deficiencies in both the sheriff sale notice and the eviction proceedings. Appellant Bertges argues that he did not receive notice of the sheriff's sale until after Kaib received the sheriff's deed, and that, as a tenant with the option to purchase, he was entitled to such notice.

 A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. *Greater Pittsburgh Business Development Corp. v. Braunstein,* 390 Pa.Super. 454, 456, 568 A.2d 1261, 1263 (1989), *alloc. den.,* 527 Pa. 634, 592 A.2d 1301 (1990). The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner, and the request to set aside a sheriff's sale may be refused due to

insufficient proof to support the allegations in the petition. *Bornman v. Gordon,* 363 Pa.Super. 607, 611, 527 A.2d 109, 111 (1987), *appeal denied,* 517 Pa. 620, 538 A.2d 874 (1988). The burden of showing inadequate notice resulting in prejudice is on the person who seeks to set aside the sale. *Id.; see also Greater Pittsburgh,* 390 Pa.Super. at 460, 568 A.2d at 1265. This court will not reverse the trial court's decision absent a clear abuse of discretion. *First Federal Sav. v. CPM Energy,* 422 Pa.Super. 308, 312, 619 A.2d 371, 373 (1993); *Marine Bank v. Huhta,* 279 Pa.Super. 130, 132, 420 A.2d 1066, 1067 (1980).

■ The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. *See* 22 Standard Pennsylvania Practice § 121:95. Our rules of court provide for prior notice of the sale to the defaulting party. *See* Pa.R.C.P. 3129.1; 3129.2. Additionally, Pennsylvania Rule of Civil Procedure 3132 provides:

> **Upon petition of any party in interest *before delivery of the personal property or of the Sheriff's deed to real property,*** the Court may, upon proper cause shown, set aside the sale and order a resale and any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132 (emphasis added).

■ Here, the trial court denied the request to set aside the sale because the petition was filed *after* delivery of the sheriff's deed, contrary to the requirements of Pa.R.C.P. 3132. The failure to proceed in accordance with Rule 3132 precludes entitlement to relief from the sale. *See Re Upset Sale, Tax Claim Bureau,* 505 Pa. 327, 479 A.2d 940 (1984). *See also Greater Pittsburgh Business Dev. v. Braunstein,* 390 Pa.Super. 454, 568 A.2d 1261, *appeal denied,* 527 Pa. 634, 592 A.2d 1301 (1989).

The reasons for precluding a petition to set aside an execution sale after delivery of the sheriff's deed are obvious. "The judgment debtor, who is most likely to suffer from defects in the process of the execution sale, should be held in the normal

case to be on notice of the defects, and should be expected to raise ... objections in a timely fashion." Goodrich–Amram 2d, § 3132:3 (1993). Here, the complaining party, appellant Bertges, is *not* the judgment debtor, but rather the tenant of the judgment debtor. Additionally, Bertges had no record interest in the property as no leasehold or option was ever recorded. Under Pa.R.C.P. 3129.1, pertaining to service of notice of the execution sale, notice is required to those who have non-record interests only if the interest may be affected by the sale *and the plaintiff has knowledge of the interest.* *See* Pa.R.C.P. 3129.1(b)(4), 3129.2(c); *see also* note 1, *supra.*

Here, Kaib had no knowledge that Bertges was a tenant until after the execution sale. We conclude, therefore, that Bertges has failed to establish proper cause to warrant setting aside the sale, and we find no clear abuse of discretion. *See* Pa.R.C.P. 3132. *See also Greater Pittsburgh Business Dev. Corp., supra.*

 With respect to appellants' claims regarding the propriety of the eviction proceedings, we must defer to the credibility determinations of the trial court. Where issues of credibility and weight of the evidence are concerned, it is not the function of an appellate court to substitute its judgment based on a cold record for that of the trial court. *McElrath v. Commonwealth,* 405 Pa.Super. 431, 443, 592 A.2d 740, 745 (1991).

It is well-established that decisions regarding the weight and the credibility of testimony are within the province of the trier of fact and will not be disturbed upon our cold review of the record.

*American States Ins. Co. v. Maryland Casualty Co.,* 427 Pa.Super. 170, 192, 628 A.2d 880, 891 (1993) (citing *Gemini Equipment Co. v. Pennsy Supply, Inc.,* 407 Pa.Super. 404, 595 A.2d 1211 (1991); *In Re New 12th Ward Republican Club,* 412 Pa.Super. 255, 603 A.2d 205 (1992)). *See also Terletsky v. Prudential Property and Casualty Ins. Co.,* 437 Pa.Super. 108, 120, 649 A.2d 680, 686 (1994).

The trial court chose to believe the testimony presented by Kaib and the process server. This testimony established that eviction notices were served late in February of 1995. Judgment for possession was not entered against appellants until April of 1995, well within the required thirty-day notice period. *See* 68 Pa.C.S.A. § 250.501.

Order affirmed.