J-A24005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESB-B/Q HOLDINGS, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALFONSO LOPEZ | |
| Appellant | No. 273 EDA 2014 |

Appeal from the Order Entered November 30, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1736 August Term, 2011

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 07, 2014**

Appellant, Alfonso Lopez, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his motion to set aside sheriff's sale.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

_____

[1] Although Appellant styled his filing as a "motion" to set aside sheriff's sale, our rules of civil procedure mandate the filing of a "petition" under such circumstances.  **See** Pa.R.C.P. 3132 (stating, "Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances").

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant raises five issues for our review:

DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION TO SET ASIDE SHERIFF SALE EVEN THOUGH [APPELLANT] WAS GIVEN NO NOTICE OF THE AUGUST 6, 2013 SALE AND APPELLEE GAVE NO NOTICE OF THE SALE TO [APPELLANT]?

DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION TO SET ASIDE SHERIFF'S SALE EVEN THOUGH APPELLEE PRESENTED NO EVIDENCE THAT ANY NOTIFICATION OF THE AUGUST 6, 2013 SHERIFF SALE AND THE SEVERAL PREVIOUS POSTPONED SALES WERE REASONABLY CALCULATED TO NOTIFY [APPELLANT] OF THE SCHEDULED SHERIFF SALES?

IN SPITE OF THE JULY 9, 2012 AND NOVEMBER 30, 2012 ORDERS DISPENSING WITH THE NEW NOTICE REQUIREMENTS OF PA.R.C.P. 3129.2 OF ANY FUTURE SHERIFF SALES, PURSUANT TO PA.R.C.P. 3129.3(a), DID THE TRIAL COURT ERR BY FAILING TO CONDUCT AN EVIDENTIARY HEARING TO CONSIDER WHAT NOTICE, IF ANY, APPELLEE GAVE OF THE AUGUST 6, 2013 SHERIFF SALE AND THE SEVERAL PREVIOUS POSTPONED SALES THAT PRECEDED IT?

IN SPITE OF THE JULY 9, 2012 AND NOVEMBER 30, 2012 ORDERS DISPENSING WITH THE NEW NOTICE REQUIREMENTS OF PA.R.C.P. 3129.2 OF ANY FUTURE SHERIFF SALES, PURSUANT TO PA.R.C.P. 3129.3(a), DID THE TRIAL COURT ERR BY FAILING TO CONDUCT AN EVIDENTIARY HEARING TO DETERMINE WHETHER THE AUGUST 6, 2013 SALE VIOLATED APPELLANT'S CONSTITUTIONAL DUE PROCESS RIGHTS PURSUANT TO THE 5TH AND 14TH AMENDMENTS?

IN SPITE OF THE JULY 9, 2012 AND NOVEMBER 30, 2012 ORDERS DISPENSING WITH THE NEW NOTICE REQUIREMENTS OF PA.R.C.P. 3129.2 OF ANY FUTURE SHERIFF SALES PURSUANT TO PA.R.C.P. 3129.3(a), DID THE COURT ERR BY FAILING TO CONDUCT AN EVIDENTIARY HEARING TO DETERMINE WHETHER APPELLEE'S NOTIFICATION OF THE AUGUST 6, 2013 SALE, IF ANY, AND THE SEVERAL PREVIOUS POSTPONED SALES

WERE REASONABLY CALCULATED TO NOTIFY APPELLANT OF THE SCHEDULED SHERIFF SALES?

(Appellant's Brief at 3-4).[2]

"The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." **GMAC Mortg. Corp. of PA v. Buchanan**, 929 A.2d 1164, 1167 (Pa.Super. 2007) (quoting **Kaib v. Smith**, 684 A.2d 630, 632 (Pa.Super. 1996)).

> A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner…. When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.

**Buchanan, supra** at 1167 (internal citations omitted).

On appeal, Appellant emphasizes that the parties postponed the sheriff's sale of his real property on four occasions over an eight-month period. Appellant acknowledges Pa.R.C.P. 3129.3(a), providing that new notice of a sheriff's sale is not required where a pending sale is postponed if a "special order of court" was issued dispensing with the requirement of

---

[2] Appellant's statement of questions presented does not correspond to the argument section of his brief. Specifically, the argument section is divided into two parts, which overlap with the issues included in the statement of questions presented. Consequently, we address the issues set forth in the argument section of the brief.

additional notice. Nevertheless, Appellant contends a property owner is still entitled to due process before his real property can be sold at a sheriff's sale. Appellant asserts he did not receive due process here, because Appellee and the court did not provide notice of the final sale date. Excluding two trial court orders entered in July and November 2012, Appellant maintains "any notices of the several previous postponed sheriff sale dates leading up to the August 6, 2013 sale date were not reasonably calculated to notify Appellant." (Appellant's Brief at 7). Appellant concludes the trial court abused its discretion in denying his motion to set aside sheriff's sale without conducting an evidentiary hearing. We disagree.

Rule 3129.3 governs the issuance of notice following the postponement of a sale:

> **Rule 3129.3. Postponement of Sale. New Notice. Failure of Plaintiff to Attend Sale**
>
> (a) Except as provided by subdivision (b) **or special order of court**, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned.

Pa.R.C.P. 3129.3(a) (emphasis added).

"Consistent with long-recognized notions of due process, Pennsylvania has enacted a series of procedural rules relating to the extent of proper notice required to effectuate a sheriff sale of real property." *In re Porovne*, 436 B.R. 791, 801 (Bkrtcy.W.D.Pa. January 26, 2010).

> Generally, Pa.R.C.P. 3129.3 provides that if a pending sale of real property is stayed, continued, postponed or

adjourned for any reason, then typically new notice is required, but there are two exceptions.

* * *

The second exception to the requirement of new notice is where a special order of court is issued dispensing with the requirement of additional notice. This exception gives the court discretion to allow postponement of the sale without new notice in appropriate cases.

*Id.* (internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Ellen H. Ceisler, we conclude Appellant's issues merit no relief. The trial court's opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed March 5, 2014, at 5-12) (finding: orders entered July 9, 2012 and November 30, 2012 provided Appellant with original notice of pending sale and dispensed with requirement for new notice of future sale dates; Appellant made no credible allegation that sheriff's sale occurred outside parameters of November 30, 2012 order; postponements stemmed from Appellant's application for financing and filing of bankruptcy petitions; where Appellant's bankruptcy filings repeatedly prevented sheriff's sale "at the proverbial eleventh hour," Appellant appeared to be aware of subsequent sale dates; orders entered July 9, 2012 and November 30, 2012 qualified as "special" orders pursuant to Rule 3129.3(a) and provided exception to requirement of new notice following postponements; November 30, 2012 order specified, "[N]o further notice or

advertising of the sale of the Property is required and any further postponements can be done by announcement or by sending a letter, fax or email" to sheriff's office; Rule 3129.3(a) afforded Appellant with appropriate due process; it was entirely reasonable to expect that Appellant would attend multiple sheriff's sales, especially where Appellant's own bankruptcy petitions necessitated postponements). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| **ESB-B/Q HOLDINGS** | : | **SUPERIOR COURT** |
| Appellee | : | **273 EDA 2014** |
| | : | |
| | : | |
| **v.** | : | |
| | : | **COMMON PLEAS** |
| | : | **110801736** |
| | : | |
| **ALFONSO LOPEZ** | : | Esb-B/Q Holdings, Llc Vs Lopez-OPFLD |
| Appellant | : | |



OPINION



11080173600058

**ELLEN CEISLER, J.**                                    **DATE: March 4, 2014**

---

## I. PROCEDURAL HISTORY & FACTS

This appeal, filed by Appellant-Defendant Alfonso Lopez (hereinafter "Appellant"), stems from this Court's December 2, 2013 order denying Appellant's Motion to Set Aside Sheriff's Sale.[1]

On August 10, 2011, Appellee-Plaintiff ESB-B/Q Holdings (hereinafter "Appellee") filed a Complaint in Mortgage Foreclosure against Appellant, through which it sought to foreclose on Appellant's property at 4601 Tacony Street, Philadelphia, Pennsylvania (hereinafter "Property"), due to Appellant's default on the mortgage. Despite Appellant's failure to file an Answer to the complaint, mortgage conciliation conferences were scheduled for November 17, 2011, January 26, 2012 and February 23, 2012.[2] Finding that the parties were attempting to reach an agreement,

---

[1] Though Appellant labels his application to the Court a "motion," courts have authority to set aside a Sheriff sale "upon petition." Pa. R. C.P. 3132. This Court applied all rules pertinent to the consideration of petitions, and as explained *infra*, determined that a petition to set aside a Sheriff's sale was not a type of petition for which a rule to show cause must issue as a matter of course in Philadelphia County.

[2] It should be noted that nothing in the record shows that Appellant failed to appear at the first two conciliation conferences. Given that it is unlikely that CP Judge Annette Rizzo (oversees the mortgage conciliation program)

1

the onorable Annette Rizzo delayed Appellee's entry of default judgment three times. See Rizzo Order 10/25/2011; Rizzo Order 11/22/2011; Rizzo Order 1/31/2012. In spite of the leeway granted to him by Judge Rizzo, Appellant failed to appear at the February 23, 2012 conciliation conference. In response, Judge Rizzo granted Appellee leave to enter default judgment on February 27, 2012. On April 11, 2012, Appellee entered default judgment against Appellant via praecipe, and the property was listed for sheriff's sale July 10, 2012.

On July 9, 2012 Appellant filed a Petition to Postpone Sheriff's Sale, and the Honorable Leon Tucker granted Appellant's motion the same day postponing the sale to September 11, 2012. The Order specified "No further notice or advertisement required. **THIS MAY BE THE ONLY NOTICE YOU RECEIVE OF THE NEXT SHERIFF SALE DATE FOR THIS PROPERTY.** Tucker Order 7/9/2012 (emphasis in original). The same order further provided, "No further postponement except by agreement. Absolute!! No Further Advertisement." Id.

Over the following year the sale was postponed once to accommodate Appellant's application for financial assistance with the Pennsylvania Housing Finance Agency, and seven more times due to an automatic stay resulting from Appellant's bankruptcy petitions.[3] Appellee's Answer, at 2. *See also* Appellant's Motion to Set Aside Sheriff's Sale at 3, 5. (hereinafter "Appellant's Motion"). These postponements occurred as follows:

1.  Appellee postponed sale from September 11, 2012 to October 2, 2012 to allow Defendant to apply for financial assistance. Appellee's Answer, at 2.

2.  Appellee postponed sale from October 2, 2012 to November 13, 2012 because Appellant filed a bankruptcy petition on the morning of the October 2 sale. Id.

3.  Appellee again postponed sale from November 13, 2012 to December 4, 2012 due to Appellant's pending bankruptcy. Id.

---

would schedule multiple conferences if Appellant was not actively participating in the process, it seems probable that he did appear at all but the February 23, 2013 conference.

[3] The United States Bankruptcy Code provides in pertinent part that the filing of a bankruptcy petition operates as a stay of "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. §362.

2

4. On November 29, 2012, Appellee filed a Motion to Postpone again due to Appellants pending bankruptcy. Id. On November 30, 2012, Judge Tucker granted Appellee's Motion postponing the sale from December 4, 2012 to January 8, 2013. Judge Tucker further ordered, "no further notice or advertising of the sale of the Property is required and any further postponements can be done by announcement or by sending a letter, fax or email to the . . . Sheriff's Office. Postponement to be announced at December 4, 2012 sale." Tucker Order 11/30/2012.

5. Appellee postponed the sale from January 8, 2013 to March 5, 2013 due to the active bankruptcy. In anticipation of the March sale date, Appellee sought relief from the automatic stay in Appellant's bankruptcy case on February 5, 2013. Appellant immediately withdrew his bankruptcy petition by praecipe and the bankruptcy was dismissed February 13, 2013. Appellee's Answer, at 3.

6. Appellant filed a new bankruptcy petition March 4, 2013, the eve of the next scheduled sale date. Appellee was again forced to postpone sale from March 5, 2013 to May 7, 2013. Id.

7. Plaintiff postponed sale from May 7, 2013 to July 2, 2013 (due to an ongoing bankruptcy stay). Id.

8. Plaintiff postponed sale from July 2, 2013 to August 6, 2013(due to an ongoing bankruptcy stay). Id. at 3-4 (stating that the property was sold August 6, 2013).[4]

On July 11, 2013, Appellant's case was dismissed by the Bankruptcy Court, and the property was ultimately sold on August 6, 2013. Appellee's Answer, at 2; Appellant's Motion, at 3-5; Appellant's Reply.[5]

---

[4] Although Appellee's answer says the sale occurred on August 8, 2012, the calendar published on the internet by the Philadelphia Sheriff's Department confirms that the mortgage foreclosure sale for the month of August took place August, 6, 2013 as stated in Appellant's motion.

[5] Due to Appellant's bare-bones description of these events, this information is largely gleaned from Appellee's more detailed account. Despite filing a response to Appellee's Answer, however, Appellant neither contradicted this chronology nor disputed Appellee's reasons for postponing.

3

Appellant filed a Motion to Set Aside Sheriff's Sale (hereinafter "Motion") on Octobe 2013, which this Court denied December 2, 2013. Appellant filed a Motion for Reconsideration on December 9, 2013, which this Court denied in an order docketed on December 18, 2013. Appellant then appealed the denial of his Motion to the Superior Court on December 30, 2013. On December 30, 2013, this Court directed Appellant to provide a Statement of Errors pursuant to Pa. R.A.P. 1925(b), the response to which was received by this Court on January 16, 2014 and is reproduced, *verbatim*, herein:

1. Did the trial court err in denying Defendant/Appellant's Motion to Set Aside Sheriff Sale even though Defendant was given no notice of the August 6, 2013 sale and Plaintiff/Appellee gave no notice of the sale to Defendant?

2. Did the trial court err in denying Defendant/Appellant's Motion to Set Aside Sheriff's Sale even though Plaintiff/Appellee presented no evidence that any notification of the August 6, 2013 sheriff sale and the several previous postponed sales were reasonably calculated to notify Defendant of the scheduled sheriff sales?

3. In spite of the July 9, 2012 and November 30, 2012 Orders dispensing with the new notice requirements of Pa. RCP Rule 3129.2 of any future sheriff sales, pursuant to Pa. RCP Rule 3129.3(a), did the trial court err by failing to conduct a [sic] evidentiary hearing to consider what notice, if any, Plaintiff/Appellee gave of the August 6, 2013 sheriff sale and the several previous postponed sales that preceded it?

4. In spite of the July 9, 2012 and November 30, 2012 Orders dispensing with the new notice requirements of Pa. R.C.P. Rule 3129.2 of any future sheriff sales, pursuant to Pa. RCP Rule 3129.3(a), did the trial court err by failing to conduct an evidentiary hearing to determine whether the August 6, 2013 sale violated Defendant/Appellant's constitutional due process rights pursuant to the 5th and 14th Amendments?

5. In spite of the July 9, 2012 and November 30, 2012 Orders dispensing with the new notice requirements of Pa. R.C.P. Rule 3129.2 of any future sheriff sales,

4

pursuant to Pa. RCP Rule 3129.3(a), did the court err by failing to conduct an evidentiary hearing to determine whether Plaintiff/Appellee's notification of the August 6, 2013 sale, if any, and the several previous postponed sales were reasonably calculated to notify Defendant/Appellant of the scheduled sheriff sales?

Appellant's 1925(b) Statement.

## II. DISCUSSION

As a preliminary matter, "Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and [an appellate court] will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion occurs where, for example, the trial court misapplies the law." Nationstar Mortgage, LLC v. Lark, 73 A.3d 1265, 1267 (Pa. Super. Ct. 2013). Upon a showing of proper cause, one made before delivery of the sheriff's deed, a court may set aside a sale and order a resale or enter any other order which may be just and proper under the circumstances. Pa. R. C. P. §3132. Generally, the burden of proving circumstances warranting the exercise of such equitable powers is on the petitioner, the allegations of the petition must be proved by clear evidence, and the request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition. First Fed. Sav. Bank v. CPM Energy Sys. Corp., 619 A.2d 371, 373 (Pa. Super. Ct. 1993); Greater Pittsburgh Bus. Dev. Corp. v. Braunstein, 568 A.2d 1261, 1263 (Pa. Super. Ct. 1989); Bornman v. Gordon, 527 A.2d 109, 111 (Pa. Super. Ct. 1987).

With that in mind, this Court determined that the information presented in Appellant's Motion, Appellee's Answer, and Appellant's Response to the Answer failed to establish a basis for setting aside the at-issue sheriff's sale. Therefore, this court respectfully requests that the present appeal be denied for the following reasons:

1.    This Court did not err in declining to conduct an evidentiary hearing because such a hearing was neither required nor necessary.

2.    This Court's decision properly applied Pa. R.C.P. 3129.3(a).

5

3.	As applied in this matter, Pa. R.C. P. 3129.3(a) afforded appropriate due proce~ safeguards.

## A.	Appellant's Motion to Set Aside Sheriff's Sale Did Not Require a Hearing

Appellant's Motion was not of a type for which a hearing is required, nor did Appellant establish that an evidentiary hearing would be necessary to, or fruitful in assisting with, its adjudication. While Appellant called his submission a "motion," the Pennsylvania Rules of Civil Procedure mandate that a party seeking to set aside a sheriff's sale must do so via petition. Pa. R. C. P. §3132. Accordingly, and despite Appellant's erroneous characterization of his filing, this Court treated Appellant's Motion as if was a petition. Philadelphia County has adopted the procedure set forth in Pa. R.C.P. 206.6, whereby a rule to show cause is issued as a matter of course for all petitions filed pursuant to Pa. R.C.P. 206.1, *et seq*. *See* Phila. Civ. R. 206.4(c); however, per the Pennsylvania Rules of Civil Procedure, the term "petition" refers only to petitions to open default judgments, judgments of *non pros*, "and any other application designated a petition by local rules." Pa. R.C.P. 206.1. Philadelphia's local rules contain an exhaustive list of additional applications to be treated as petitions, one which does not include petitions to set aside sheriff's sales. *See* Phila. Civ. R. 206.1(a). Therefore, this Court determined that, per Pa. R.C.P 206.4(a), the issuance of a Rule to Show Cause was discretionary. *See* GMAC Mortgage Corp. of PA v. Buchanan, 929 A.2d 1164, 1168-69 (Pa. Super. Ct. 2007) (a hearing on a Petition to Set Aside Sheriff sale is generally discretionary, as it is for a trial court to determine "whether a matter can best be disposed of from a review of the record alone.").

Here, the record comprised a Motion, an Answer, and a Reply to the Answer, along with the docketed history of the underlying foreclosure, and court ordered postponements. Therein, this Court found emphatic court orders providing Appellant with original notice of the pending sale, and dispensing with the requirement for new notice of future sale dates. Tucker Order 1/9/2012; Tucker Order 11/30/2012. The record also contained Appellee's uncontroverted averments that the repeated postponements stemmed from Appellant's own actions in applying for financing and filing bankruptcy petitions that were neatly timed to coincide with sale dates. Appellee's Answer, at 2-3. Importantly, Appellant bore the burden of showing that there was good cause for this Court to exercise its equitable powers. *See* Appellant's Reply, at 1-2; *See*,

6

*e.g.*, *First Fed. Sav. Bank*, 619 A.2d at 373(explaining the well-settled principle that the burde of proving circumstances warranting the court's exercise of equitable powers lies with the applicant). Nonetheless, and despite filing a response to Appellee's answer, Appellant never disputed Appellee's chronology or account of the reasons for the postponements.

Against this undisputed legal and factual background, Appellant's Motion and Reply offered only unsubstantiated assertions that he received "no notice whatsoever" of the final sale and that no postponement announcements were made at the successive Sheriff's sales. Appellant's Motion, at 6; Appellant's Reply, at 1. Appellant offered no factual averments supporting these claims. Appellant's Motion, at 3-7; Appellant's Reply, at 1. He did not aver, for instance, that he attended the sales and knew that no announcements were made, nor that an evidentiary hearing would include any witnesses or other evidence that the Sheriff failed to make the announcements. Appellant's Motion, at 3-7; Appellant's Reply, at 1. Appellant, moreover, argued in the alternative that due process was lacking *even if* announcements were made. Appellant's Reply, at 1-2. Thus Appellant demonstrated a lack of true factual knowledge as to whether announcements were made and appeared merely to speculate on the subject. Id.

Contrary to Appellant's claim that he received no notice, Judge Tucker's orders establish original notice of scheduled sale dates. Tucker Order 1/9/2012; Tucker Order 11/30/2012. By virtue of the fact that his bankruptcy filings repeatedly prevented sale at the proverbial eleventh hour, Appellant conducted himself as though he were aware of certain sale dates beyond those set by the orders. *See* Appellee's Answer at 2-3. Appellant failed to dispute this basic fact. *See* Appellant's Motion , at 3-7; Appellant's Reply, at 1. This situation, combined with the fact that the property was not sold on either of the dates certain set by Judge Tucker's orders, supports Appellee's averments that the sales were postponed in compliance with Judge Tucker's November 30 order. Appellee's Answer at 2-3. In short, Appellant made no credible allegation that the sale occurred outside of the parameters of Judge Tucker's November 30, 2012 order. Therefore, Appellant failed to show this Court that a hearing could assist with the application of Pa. R.C.P. 3129.3(a) to this matter, or to the question of whether the rule adequately protected due process.

7

**B.     This Court Correctly applied Pa. R.C.P. 3129.3(a)**

This Court found that no new notice was required prior to the August 6, 2013 Sheriff's sale, due to Judge Tucker's issuance of two special orders pursuant to Pa. R.C.P. 3129.3(a). This rule provides in relevant part:

> (a) *Except* as provided by subdivision (b) *or special order of court*, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned.

Pa. R.C. P. 3129.3(a) (emphasis added).

Here, two special court orders provided an exception to the requirement of new notice after a postponement under Rule 3129.3(a). Judge Tucker's most recent order specified, "[N]o further notice or advertising of the sale of the Property is required and any further postponements can be done by announcement or by sending a letter, fax or email to the Philadelphia County Sheriff's Office." Tucker Order 11/30/2012. Upon reading this order and recognizing the authority for it in Pa. R.C.P. 3129.3(a), this Court found no cause to exercise its equitable power to set aside the sale.

Appellant cites First E. Bank, N.A. v. Campstead, Inc., as a reason to disregard Judge Tucker's orders. 637 A.2d 1364, 1366 (Pa. Super. Ct. 1994). Campstead stands for the proposition that Rule 3129.3 was intended to ensure that "persons with an interest in real estate would receive adequate notice before being deprived of their property," and it establishes the principle that minimal actual notice does not excuse a procedural defect in applying the rule. See id. at 1366-67; however, Campstead did not involve special court orders that dispensed with the requirement for new notice. Id. at 1366. Moreover, the facts and legal questions of Campstead are markedly distinguishable from the present case. The issue presented in Campstead was whether a failure to observe the new notice requirement of Pa. R.C.P. 3129.3(b) denied due process, where a third party who had purchased the property subject to the judgment against the defendant happened to learn of a Sheriff's sale "at the proverbial eleventh hour." See id. The

8

Superior Court found that such last-minute, actual notice could not overcome defective procedural notice, and therefore, the plaintiff's failure to follow Rule 3129.3(b) deprived the party of due process. Id. As a result, the Superior Court found that the Campstead trial court had erred, by misapplying Rule 3129.3(b) and refusing to set aside the sale. *See* id.

Here, the sale of Appellant's Property was governed by Judge Tucker's orders. Appellant merely asserts that he lacked actual notice of the particular date on which his property; however, this does not undermine this Court's application of Pa. R.C.P. 3129.3(a), as the rule does not require actual notice.[6] By the plain meaning of Pa. R.C.P. 3129.3(a), this Court did not err in finding that Judge Tucker's Orders dispensed with the requirement of new notice upon postponement. Therefore, absent a showing that the rule itself failed to protect Appellant's due process rights, this Court had no basis for setting aside the sale.

### C.    As Applied In This Matter, Pa. R.C.P. 3129.3(a) Afforded Appellant with Appropriate Due Process

It is well settled that a person with an interest in real estate is entitled to due process protections when that real estate is sold at sheriff's sale in satisfaction of judgment. *See* Taylor v. Slick, 178 F.3d 698, 703 (3d Cir. 1999) (*citing* Campstead, 637 A.2d at 1366). "The root requirement of due process is that 'an individual be given an opportunity for a hearing [b]efore he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event.'" Pennsylvania Coal Min. Ass'n v. Ins. Dep't, 370 A.2d 685, 692 (Pa. 1977) (*quoting* Boddie v. Connecticut, 401 U.S. 371, 379 (1971)); *see* also Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (internal quotation marks omitted).

The nature and sufficiency of the notice required by due process, however, depends on the interest at issue because "due process is flexible and calls for such procedural protections as the particular situation demands." Taylor v. Slick, 178 F.3d 698, 703 (3d Cir. 1999) (*quoting*

---

[6] As discussed in Section II(C), due process requires only that the notice provided be "reasonably calculated" to achieve actual notice. *See, e.g.*, Taylor v. Slick, 178 F.3d 698, 703 (3d Cir. 1999) (*quoting* Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) ("To satisfy due process requirements, the notice provided must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'").

9

Mu...issey v. Brewer, 408 U.S. 471, 481(1972); *see also* Pennsylvania Coal Min. Ass'n, 370 A ʼ at 691 (Pa. 1977); In re Porovne, 436 B.R. 791, 801 (Bankr. W.D. Pa. 2010) (applying special order provision of Pa. R.C.P. 3129(a)). The rule at issue here, Pa. R.C.P. 3129.3, embodies the precise goal expressed in due process jurisprudence: it affords procedural protections while preserving the flexibility necessary for courts to respond to particular situations. *See* Taylor, 178 F.3d 698 at 703; Pa. R.C.P. 3129.3 Explanatory Comment – 1989 (explaining that the special order provision "gives the court discretion to allow postponement of sale in appropriate cases."). To determine what due process demands in a particular case courts weigh:

> [T]hree distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews v. Eldridge, 424 U.S. at 335. *See also* Pennsylvania Coal Min. Ass'n, 370 A.2d at 689 ("[W]e must balance the interests of the individual in procedural protections against the interests of the government in proceeding without protections to determine what due process requires"). Both Federal and Pennsylvania courts have held that the primary debtor interest, which is protected by notice of a Sheriff's sale, lies in informing potential bidders to ensure that the sale garners the best possible price. *See* Taylor, 178 F.3d 698 at 705; Greater Pittsburgh Bus. Dev. Corp. v. Braunstein, 568 A.2d 1261, 1265 (Pa. Super. Ct. 1989). Courts have weighed this interest against the creditor's interest in avoiding duplicative "foreclosure costs that would eventually be deducted from the proceeds of the sale (to the disadvantage of the debtor)." Taylor, 178 F.3d 698 at 702, 703.

Pennsylvania Courts have adopted the federal analysis embodied in Mathews v. Eldridge. *See* Pennsylvania Coal Min. Ass'n, 370 A.2d at 691; this analysis has been applied most directly to Rule 3129.3 in two persuasive federal cases. In Taylor v. Slick, the U.S. Court of Appeals for the Third Circuit analyzed subsection (b) of Rule 3129.3. Although the case did not directly address the special order provision of Pa. R.C.P 3129.3(a), its reasoning is applicable to the present facts. The Taylor Court held that Rule 3129.3(b) affords proper due process, because its notice requirements are "reasonably calculated to reach interested parties to a Sheriff's sale." Taylor, 178 F.3d 698 at 703. The Court reasoned that due process does not require new written

10

notice after postponement of a sale and explained that, "[b]ecause it can be expected that the debtor, the creditor, and potential bidders will attend the sale, oral notice as provided by Rule 3129.3(b) comports with notions of due process." Id. The Taylor Court determined that the oral notice required by the rule struck a proper balance between informing bidders of the sale and saving the creditor from having to incur duplicative fees. Id.

The U.S. Bankruptcy Court for the Western District of Pennsylvania applied the flexible principles of Taylor to Pa. R.C.P 3129.3(a), and found the special order provision to be consistent with the flexibility and discretion generally afforded to a trial court. In re Porovne, 436 B.R. 791 at 801. The Porovne Court found notice to be adequate where a debtor was a party to a consent order, which qualified as a special court order for the purposes of Pa. R.C.P 3129.3(a). Id. at 801-2. This consent order provided that a sale could be continued an unlimited number of times during the pendency of a bankruptcy proceeding, via the Sheriff announcing such continuances "according to his normal policies and procedures, without further need for notice or advertisement." Id.

In the instant case, the issuance of a special order dispensing with new notice requirements was entirely appropriate. Appellant's last minute request to postpone the first sheriff's sale and his subsequent carefully timed bankruptcy filings, at best, indicate that he was aware of the impending sale at various times following Judge Tucker's July 9, 2012 order. At worst, the circumstances suggest a dilatory and uncooperative debtor. Either way, a balancing of equities falls in favor of Appellee, especially given the aforementioned, repeated delays that impeded satisfaction of judgment. Absent Judge Tucker's orders, the duplicative fees and inconvenience associated with repeated advertisement and written notice would have added to the harm created by Appellee's inability to obtain such satisfaction.

With that in mind, however, it remains that Judge Tucker protected Appellant's interests, even while assisting Appellee in its efforts to sell the Property. Judge Tucker's most recent order required that the postponement to January 8, 2012 be announced at the next sale guaranteeing bidders would be informed of an initial date certain. Tucker Order 11/30/2012. It further required that Appellee either announce the postponement at any successive sales, or do so through the Sheriff by sending a letter, fax, or email, to the Sheriff's office. Id. Thus, given the competing

11

inte...sts in this matter, Appellant was afforded proper due process. *See* <u>Taylor</u>, 178 F.3d 698 *? '* 703; <u>In re Porovne</u>, 436 B.R. 791 at 801-2.

Finally, Appellant objects that it is "unreasonable to expect him to attend four sheriff sales over an eight month period." <u>Appellant's Reply</u>, at 1; however, the measure of what is reasonable is not the number of postponements, but whether they are conducted in compliance with the terms of a special order, one which strikes an appropriate balance between the interests of the debtor and those of the creditor. *See* <u>In re Porovne</u>, 436 B.R. 791 at 801-2; <u>Taylor</u>, 178 F.3d 698 at 703. In the present case, it was entirely reasonable to expect that Appellant would attend a handful of Sheriff's sales, especially given that Appellant's own bankruptcy petitions necessitated the postponements. <u>Appellee's Answer</u>, at 2; *see also* <u>Taylor</u>, 178 F.3d at 703. ("[B]ut it is not reasonable for a debtor to choose not to attend the scheduled sale simply because he knows that the sale will not be consummated at that time because of his ex parte intervention in the bankruptcy court."). Here, like in <u>Taylor</u> and <u>In re Porovne</u>, Appellant suffered no constitutional disadvantage, as Judge Tucker's orders fully protected his right to due process. Whether or not Appellant *actually* availed himself of the opportunity to be notified of the final sale date is immaterial, as he received original notice via Judge Tucker's orders, demonstrated knowledge of an impending sale, and actively strove to thwart the sale. What is unreasonable, therefore, is his position that he cannot be asked to attend Sheriff's sales at two month intervals to learn the details of postponements resulting from his own litigation. *See* <u>In re Porovne</u>, 436 B.R. 791 at 801-2; <u>Taylor</u>, 178 F.3d at 703; ("Taylor's studied attempts to remain elusive throughout the foreclosure process may not serve as a basis for a ruling that he suffered a deprivation of his right to due process.").

12

## III. CONCLUSION

Because the existing record satisfied this Court that Judge Tucker's orders and <u>Pa. R.C.P. 3129.3(a)</u> afforded adequate due process in the instant matter, no evidentiary hearing was necessary, and there was no basis for setting aside the Sheriff's sale. For these reasons, this Court respectfully requests that this appeal be denied.

BY THE COURT:

*Ellen Ceisler*

J.

13