J-A10023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WACHOVIA BANK, N.A. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARZAILE SCICCHITANO | : | No. 3056 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered August 25, 2017
In the Court of Common Pleas of Delaware County Civil Division at
No(s): 2014-11559

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 22, 2018**

In this mortgage foreclosure action, Marzaile Scicchitano has appealed from an order that denied his Petition to Set Aside Sheriff's Sale. He sought to undo the sheriff's sale because of alleged misrepresentations in communications from Appellee, Wells Fargo Bank, N.A. Successor by Merger to Wachovia Bank, N.A. ("Bank"), allegedly causing him to believe that the sale would not proceed. He also contended that the sale price at the sheriff's sale was too low. The Court of Common Pleas, the Honorable Chad F. Kenney, denied the petition. Judge Kenney concluded that Scicchitano reasonably should have known that the sheriff's sale would proceed. He also rejected Scicchitano's price challenge. We affirm based on Judge Kenney's opinion.

We adopt Judge Kenney's recitation of the factual and procedural history. *See* Trial Court Opinion, filed 10/24/17, at 1-3.

_____

* Retired Senior Judge assigned to the Superior Court.

Scicchitano raises four issues on appeal:

1. Did the Court abuse its discretion or otherwise err in denying [Scicchitano's] Petition to Set Aside Sheriff's Sale where, after a hearing, it was undisputed that (a) [Bank] last direct communication (in contrast to ongoing communications from [Bank's] third party attorney which [Bank] instructed [Scicchitano] would occur) misrepresented that [Bank] (i) "received the documentation you sent us supporting your request for mortgage assistance...;" (ii) "as part of the foreclosure process, you may receive notices from a third party attorney delivered by mail or see steps being taken to proceed with foreclosure...;" and (iii) "if your loan has been referred to foreclosure and you have submitted all required documentation, we will not conduct a foreclosure sale while your documents are being reviewed" ((i), (ii) and (iii) being hereinafter referred to as the "Final Communication Misrepresentations"); and (b) despite those Final Communication Misrepresentations, Appellant [sic], without any further direct communication, proceeded with a sheriff's sale and sold [Scicchitano's] property at 61.8% of it's [sic] appraised Fair Market Value of $100,000, approximately 49% of [Bank's] internal value and 30% of the total debt alleged to be due from [Scicchitano] to [Bank]?

2. Did the Court abuse its discretion or otherwise err in not finding that the combination of (a) the grossly inadequate or inadequate price; and (b) the irregularities in the notice process, consisting of (i) the Final Communication Misrepresentation, and (ii) two prior continuances of the ultimate sale unilaterally effectuated by [Bank] (which created a false sense of security in [Scicchitano] that the ultimate sale would also be continued based on the Final Communication Misrepresentation); created an irregularity in the notice procedure and denied [Scicchitano] of due process rights, and was sufficient cause to set aside the sale?

3. Did the Court abuse its discretion or otherwise err in not granting [Scicchitano's] Petition to Set Aside Sheriff's Sale by in effect inequitably and unfairly shifting the burden to [Scicchitano] to (a) have understood the Final Communication Misrepresentation was a misrepresentation,

and (b) correct [Bank's] Final Communication Misrepresentation?

4.    Did the Court err by allowing undue bias against other alleged misbehaviors of [Scicchitano] that are not relevant to the due process question to unduly influence the determination of whether the substantially below value sale and the irregularities and defect in notice created by the Final Communication Misrepresentation and prior unilateral continuances establish sufficient cause to set aside the sale and violate [Scicchitano's] due process rights?

Appellant's Br. at 4-6.

Scicchitano waived his second and fourth issues by not raising them below. **See** Pa.R.A.P. 302. They are meritless in any event. As to the second issue, Judge Kenney did not err in not considering the combined effect of Scicchitano's sale price and misrepresentation arguments. The issues are not logically related – that is, any misunderstanding on Scicchitano's part about whether the sale would proceed had nothing to do with the price obtained at the sale, and vice-versa – and to the extent either argument would carry any weight, it would not reinforce the other. Regarding the fourth issue, as we explain below, Judge Kenney only mentioned Scicchitano's failure to make payments as one of the reasons that Scicchitano reasonably should have known that the foreclosure sale would occur.

We affirm Scicchitano's remaining issues based on Judge Kenney's opinion. A petition to set aside a sheriff's sale is a request for equitable relief addressed to the sound discretion of the Court of Common Pleas. **Blue Ball Nat'l Bank v. Balmer**, 810 A.2d 164, 167 (Pa.Super. 2002); **Greater Pittsburgh Bus. Dev. Corp. v. Braunstein**, 568 A.2d 1261, 1263 (Pa.Super.

1989). The petitioner bears the burden of proving circumstances warranting the Court of Common Pleas to exercise its equitable powers and set aside the sale. *Id.* We will reverse the Court of Common Pleas' decision not to set aside a sheriff's sale only for a clear abuse of discretion. *Kaib v. Smith*, 684 A.2d 630, 631-32 (Pa.Super. 1996).

Scicchitano argues that the Bank's alleged misrepresentations led him to believe that the sheriff's sale would not take place. Scicchitano had applied to the Bank to participate in a loan assistance program. The Bank first advised him by letter that "[b]ecause you have not provided us with all the required documentation to complete the application, we are not able to offer you assistance options." Letter from Bank to Appellant of 12/16/16, at 1, R.191a. The Bank sent a subsequent letter three days later, stating that "[i]f your loan has been referred to foreclosure and you have submitted all required documentation, we will not conduct a foreclosure sale on this loan while your documents are being reviewed. . . ." Letter from Bank to Appellant of 12/19/16, at 1, R.58a. This letter also advised Scicchitano that "[a]s part of the foreclosure process," he might "receive notices from a third-party attorney delivered by mail or see steps being taken to proceed with a foreclosure sale of your home." *Id.* Scicchitano argues that the second letter misled him and caused him to incorrectly believe that the sheriff's sale would not take place as scheduled.

Regarding the sale price, Scicchitano argues that the amount ($61,800) was grossly inadequate because it was 61.8% of the Bank's appraisal of the

property's value ($100,000), and 49% of the Bank's internal valuation ($125,000).

Scicchitano also contends that Judge Kenney improperly put the burden on Scicchitano to learn that the alleged "misrepresentation that his loan was still under review" was untrue. Appellant's Br. at 22. He further argues that he reasonably understood the statements that he might receive communications from attorneys about the foreclosure process, and that the sale would not happen while his loan assistance application was under review, "as an instruction *not* to be concerned by attorney communications." ***Id.*** (emphasis in original).

Judge Kenney's Pa.R.A.P. 1925(a) opinion explains that Scicchitano should have known that the sheriff's sale would take place. Judge Kenney points out that the second letter did not in fact suggest that a sheriff's sale would never occur. Rather, the letter simply let Scicchitano know that the sheriff's sale would not take place during the review period, which the previous letter told him had already ended. Judge Kenney concluded that because of the language of the letters, and the fact that Scicchitano did not make any payments between the time of the letters and the day of the sheriff's sale, Scicchitano reasonably should have known that the sale would go forward.

Regarding the sale price, Judge Kenney explained that the law presumes that the price obtained at a sheriff's sale is the highest and best obtainable price. Trial Court Opinion at 5 (citing ***Blue Ball Nat'l Bank***, 810 A.2d at 167). Judge Kenney observed that cases in which Pennsylvania courts have set aside

a sheriff's sale for an inadequate sale price were cases where the sale price was ten percent or less of the established market value. ***Id.*** at 6 (citing ***Bank of America, N.A. v. Hood***, 47 A.3d 1208, 1212 (Pa.Super. 2002)). Judge Kenney concluded that because the only evidence Scicchitano produced on this issue was an appraiser's affidavit that the property was worth $100,000, and the property sold for 61.8% of that figure, Scicchitano failed to rebut the presumption.

Finally, Judge Kenney properly put the burden on Scicchitano to persuade the court that the alleged misrepresentations merited setting aside the sheriff's sale. ***See Blue Ball Nat'l Bank***, 810 A.2d at 167. The court concluded that Scicchitano failed to carry his burden to do so, and Scicchitano has not established that Judge Kenney's decision was a clear abuse of discretion. ***Id.*** We affirm based on Judge Kenney's Opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/22/18</u>